**James GRIFFIN, Jr., Petitioner,**

v.

**Jeffrey P. ENDICOTT, Respondent.**

No. 96–C–676.

United States District Court,
E.D. Wisconsin.

July 25, 1996.

James Griffin, Jr., Portage, WI, Pro Se.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

On June 7, 1996, James Griffin, Jr., currently incarcerated at the Columbia correctional institution, filed a pro se petition for a writ of habeas corpus. In a July 2, 1996, decision and order, I dismissed Mr. Griffin's habeas corpus petition because it was filed beyond the one-year period of limitation imposed on such petitions by 28 U.S.C. 2244(d)(1). Presently before the court is Mr. Griffin's motion to reconsider the dismissal of his habeas corpus petition.

■ Because the petitioner's motion was served within ten days of the entry of judgment, I will consider it under Rule 59(e), Federal Rules of Civil Procedure. *See United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992). Rule 59(e) allows a judge to entertain a motion to alter or amend a judgment. A movant can invoke the rule to direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact. *Russell v. Delco Remy Division of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995).

■ Mr. Griffin contends that the Antiterrorism and Effective Death Penalty Act of 1996 ["the Act"], which imposes a one-year period of limitation on petitions for a writ of habeas corpus filed by persons in custody pursuant to the judgment of a state court, does not apply to him because his case does not fall under the category of terrorism nor does it involve a death penalty. The one-year limitation period is not so restricted. Section 2244(d)(1) by its terms applies to all cases involving habeas corpus petitions filed by individuals in custody pursuant to the judgment of a state court.

■ The petitioner also asserts that application of the period of limitation set forth in the Act to his habeas corpus petition violates the Ex Post Facto Clause of the United States Constitution. Article I, § 9 of the Constitution prohibits the passage of any ex post facto law. *Rosenberg v. United States,* 346 U.S. 273, 290, 73 S.Ct. 1152, 1161, 97 L.Ed. 1607 (1953). The Clause is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Collins v. Youngblood,* 497 U.S. 37, 41, 110 S.Ct. 2715, 2717, 111 L.Ed.2d 30 (1990). Acts which violate the Clause include:

1st. Every law that makes an action done before the passing of the law and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates a crime,* or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment* and inflicts a *greater punishment,* than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence,* and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender.*

*Calder v. Bull,* 3 Dall. 386, 390, 1 L.Ed. 648 (1798) (opinion of Chase, J.) (emphasis in original); *Collins,* 497 U.S. at 42, 110 S.Ct. at 2719.

Mr. Griffin does not contend that the Act punishes as a crime conduct which was innocent when done, nor does he contend that the Act results in an increased punishment or deprives him of any legal defense. The period of limitation set forth in the Act does foreclose one avenue for review of the petitioner's conviction. However, it does not violate the Ex Post Facto Clause. Therefore, Mr. Griffin's motion for reconsideration will be denied.

## ORDER

Therefore, IT IS ORDERED that Mr. Griffin's "motion for reconsideration" be and hereby is denied.