110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin GARFINKLE, Petitioner-Appellant,
v.
Warden HUFF; Commonwealth of Kentucky, Respondents-Appellees.
 No. 96-5671.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Benjamin Garfinkle, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Garfinkle was sentenced on May 20, 1991, to ten years in prison following his guilty plea to two counts of first degree burglary, four counts of third degree burglary, and nine counts of theft by unlawful taking over $100. He did not file a direct appeal. However, his motions for alteration of sentence and for modification of sentence were denied by the trial court. Garfinkle's appeal of the latter motion was pending before the Kentucky Court of Appeals at the time he filed his federal petition.
 
 
 3
 In his federal habeas corpus petition, Garfinkle complained that the prosecutor reneged on an agreement made to resentence him to three consecutive six-month terms of home incarceration upon Garfinkle's payment of restitution to one of the victims and the return of stolen property. A magistrate judge recommended that Garfinkle's petition be dismissed with prejudice for failure to exhaust state court remedies. The district court overruled Garfinkle's objections, adopted the magistrate judge's findings and conclusions, and dismissed the petition with prejudice in an order entered on April 10, 1996.
 
 
 4
 On appeal, Garfinkle argues that he cannot receive satisfaction at the state level and requests that his case be considered on the merits. He requests the appointment of counsel on appeal.
 
 
 5
 With a number of exceptions not applicable in this case, state prisoners must first exhaust their available state court remedies before seeking federal habeas corpus relief. See 28 U.S.C.A. § 2254(b)(1) (West 1996); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir.1995) (per curiam). The exhaustion requirement is normally satisfied after the petitioner fairly presents all his claims to the highest court in the state in which the petitioner was convicted, thus giving it a full and fair opportunity to rule on his claims before seeking relief in federal court. Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994).
 
 
 6
 Garfinkle does not dispute the fact that he has not exhausted his available state court remedies; indeed, he acknowledges that he has an appeal pending before the Kentucky Court of Appeals. He only argues that the delay in the state court's ruling makes it impossible to obtain "satisfaction" from the state courts and that, therefore, the federal courts should excuse him from the exhaustion requirement and consider the merits of his petition.
 
 
 7
 The district court did not err in finding this argument to be unpersuasive. However, because the dismissal was not on the merits, it should have specified that it was "without prejudice" to Garfinkle's ability to refile his petition once he has satisfied the exhaustion requirement.
 
 
 8
 Upon review, we vacate the district court's order because the order dismissing this case should have specified that the dismissal was without prejudice rather than with prejudice.
 
 
 9
 Accordingly, Garfinkle's request for the appointment of counsel is denied. The district court's order, entered on April 10, 1996, is vacated and the case is remanded for entry of a new order dismissing Garfinkle's petition without prejudice. Rule 9(b)(3), Rules of the Sixth Circuit.