**Paul PARISI, Petitioner,**

v.

**Keith COOPER, Warden,
et al., Respondents.**

**No. 97 C 3150.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 8, 1997.

Paul Parisi, pro se.

*MEMORANDUM ORDER*

SHADUR, Senior District Judge.

Paul Parisi ("Parisi") is one of the large number of persons in custody who have filed

petitions under 28 U.S.C. § 2254 ("Section 2254") for writs of habeas corpus under the felt compulsion of the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 (more specifically, that statute's Section 101 that has added a new 28 U.S.C. § 2244(d) ("Section 2244(d)"), as construed by our Court of Appeals in *Lindh v. Murphy*, 96 F.3d 856, 865–66 (7th Cir.1996)). Parisi's Petition reflects that (1) as to the two grounds on which he seeks here to challenge his conviction and the 90–year sentence that he is now serving, he has exhausted his state remedies through a direct appeal to the Illinois Appellate Court and an unsuccessful attempt to obtain leave to appeal to the Illinois Supreme Court, but (2) he still has pending in the state court system an appeal from the denial of his post-conviction petition that asserts a different constitutional ground for upsetting his conviction—the claimed ineffective assistance of his trial counsel.

Obviously mindful of the problem posed by that hybrid situation, Parisi has accompanied his current Petition with what he labels an "Application for Stay of Habeas Corpus until Final Disposition of Post Conviction"—a request that his present Petition be placed in abeyance until he has exhausted his third constitutional claim, or alternatively that this Court should allow him to add that unexhausted issue to the current Petition. From a statutory perspective, Parisi's situation brings into play the meaning and effect of the tolling provision contained in Section 2244(d)(2):

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[1]

It is of course clear that Parisi's still-pending post-conviction proceeding relates to the "judgment" that is also under attack in his Petition: the judgment that found him guilty and sentenced him to his 90–year custodial term. But if the statutory tolling pro-

vision's reference to "the pertinent ... claim" were instead read to toll the one-year limitation period *only* as to his claim of ineffective assistance of counsel, the consequence would be either that Parisi would be forced to bring *two* habeas petitions (a result totally inconsistent with the thrust of the 1996 legislation) or that the current Petition would have to be put on the back burner as Parisi has asked. In the latter respect, the recent per curiam opinion from our Court of Appeals in *Post v. Gilmore*, 111 F.3d 556, 557 (7th Cir.1997) says:

> When unusual circumstances make it imprudent to address the § 2254 petition immediately, the collateral attack should be stayed rather than dismissed.

*Post*, however, dealt with a situation in which the Court of Appeals was looking at the relationship between a Section 2254 action and a damages lawsuit under 42 U.S.C. § 1983 that were pending concurrently. And as the Court went on to say (*id.*):

> Under the 1996 amendment to 28 U.S.C. § 2244(d), a prisoner has only one year from the date the state appellate process ends to begin a collateral attack; time waiting for the conclusion of a § 1983 action is not among the periods that the statute excludes from the calculation. Dismissal of Post's action creates a substantial risk that refiling after the completion of the § 1983 case will be untimely.

But that same risk does not exist here, unless the earlier-quoted Section 2244(d)(2) were to be read in a constricted fashion by focusing on the separation of different constitutional claims advanced by a prisoner. That of course is a possible construction of the statute, but that risk can be eliminated entirely by this Court's adoption of a procedure that employs the concept that dismissal with leave to reinstate is not a final order until the time specified for reinstatement has expired (*Otis v. City of Chicago*, 29 F.3d 1159 (7th Cir.1994) (en banc)). And the concerns that our Court of Appeals has expressed from time to time that stem from a district court's leaving a case in limbo by entry of an open-

---

**1.** [Footnote by this Court] "This subsection" refers to Section 2244(d)(1)'s stated one-year limitation period.

ended reinstatement order are eliminated by this Court's regular practice of expressly providing that the failure to file a timely motion for leave to reinstate will cause the dismissal order immediately to become final.

Accordingly this Court, rather than entering a stay order, dismisses the current Petition without prejudice, with leave granted to Parisi to file a motion for its reinstatement within 63 days after the issuance of a decision by the Illinois Appellate Court for the First District that rules on Parisi's now-pending appeal from the denial of his post-conviction petition.[2] If no such timely motion for reinstatement is filed by the end of that period, the dismissal order that has been entered here will become final on the next court day.

---

2. If Parisi does file a timely motion for reinstatement, he may also move to add to the Petition a third ground for relief based upon the ineffective-assistance ground that he has advanced in that post-conviction proceeding—if, of course, the Illinois Appellate Court's decision on that ground is adverse to him.