**John Thomas MARTIN, Petitioner,**

v.

**Charles JONES, Warden, Respondent.**

No. 2:97–0045.

United States District Court,
M.D. Tennessee,
Northeastern Division.

July 21, 1997.

---

7. Note also that petitioner has not shown that he has been "mousetrapped" by the change of the law.

John Thomas Martin, SPR–Morgan County Regional Correctional Facility, Wartburg, TN, pro se.

Kathy Morante, Office of Attorney General/Criminal Justice Div., Nashville, TN, Elizabeth B. Marney, Office of Attorney General of TN, Criminal Div., Nashville, TN, for Respondent.

## MEMORANDUM OPINION

WISEMAN, Senior District Judge.

### I. Facts and Procedural History

John Thomas Martin ("Petitioner"), proceeding pro se (albeit with the assistance of an inmate legal aide), has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at Morgan County Regional Correctional Facility in Wartburg, Tennessee. On July 28, 1989, Petitioner was convicted of murder in the first degree and received a sentence of life imprisonment. Petitioner directly appealed the conviction to the Tennessee Court of Criminal Appeals which affirmed the trial court on January 7, 1992. The Tennessee Supreme Court subsequently denied Petitioner's application for permission to appeal on May 11, 1992. Petitioner filed a pro se petition for post-conviction relief pursuant to T.C.A. § 40–30–101 *et seq.* on May 11, 1995, and his appointed counsel later filed an amended petition.

Petitioner has not received an evidentiary hearing in state court and has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition contains five claims: three that have been exhausted on direct appeal (lack of a speedy trial, improper admission of the death certificate into evidence, and refusal of the trial court to grant a severance) and two that are still pending at the state post-conviction level (ineffective assistance of counsel and conviction absent proof beyond a reasonable doubt).

This Court concluded that it was not readily apparent from the face of the petition that Petitioner was not then entitled to relief, and ordered Charles Jones, Warden of Morgan County Regional Correctional Facility ("Respondent") to respond to the petition in accordance with Rule 5, Rules– § 2254. Respondent has moved for summary judgment on the three exhausted claims and for dismissal on the two unexhausted claims.

## II. Procedural Analysis

Petitioner has apparently filed his petition at this time due to the confusion surrounding the Antiterrorism and Effective Death Penalty Act of 1996 ("Act"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), that amended several sections of 28 U.S.C., the relevant parts in this instance being §§ 2244 and 2254. Accordingly, threshold procedural issues concerning the statute of limitations and exhaustion requirements must be addressed before proceeding to any discussion of the merits.

### A) Statute of Limitations

The Act amends 28 U.S.C. § 2244 by adding a new subsection (d). Section 2244(d) imposes a one-year period of limitations on an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. The limitation runs from the latest of several periods, the relevant period in this instance being the date on which the judgment became final by the conclusion of direct review. The time during which a properly filed application for state post-conviction collateral review is pending is not counted toward the period of limitations. Previously, no specific statute of limitations provision existed although Rule 9(a) allowed dismissal on the grounds of laches if the state had been prejudiced by the delay of the petition.

Although respondent has not raised the statute of limitations as a grounds for dismissal, the Court raises this question *sua sponte* because of the importance in addressing and settling the uncertainty surrounding the Act. While the Supreme Court has recently shed light on other subsections of the Act in *Lindh v. Murphy*, —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), it did not discuss the retroactivity of the § 2244(d)(1) period of limitations nor its applications to petitions containing multiple claims. Both issues are discussed separately below.

### 1) Retroactivity

It must be noted that the instant petition was not pending on the date of the Act's effectiveness [1], but rather was filed on April 17, 1997. The retroactivity issue before the Court, then, is not whether the amendments to § 2244 imposed by the Act should apply to a motion pending on the date of the Act's effectiveness, but instead whether these amendments may alter the disposition of a petition premised on the factual and procedural predicate in place before April 24, 1996, yet not formally presented until nearly one year later.

Literal application of the amended statute, as suggested by several district courts [2], would bar claims 1 through 3 of Mr. Martin's § 2254 petition as of May 11, 1993, nearly three years prior to the Act's effective date.[3] As the Tenth Circuit has reasoned, however, application of the law in such a manner would strip prisoners of their rights and expectations without notice or opportunity to act. *See United States v. Simmonds*, 111 F.3d 737, 745 (10th Cir.1997) (addressing the parallel statute of limitations found in § 2255). In other words, on the eve of the Act's enactment Petitioner could have been confident that he possessed the right to petition this Court for a writ of habeas corpus, only to rise the next morning to earn that his right had not only disappeared, but had expired three years earlier.

The Supreme Court has noted that the "Constitution .... requires that statutes of limitations must 'allow a reasonable time before they take effect for the commencement of suits upon existing causes of action.' " *Block v. North Dakota*, 461 U.S. 273, 286 n.

---

1. Because the time limit in 28 U.S.C. § 2244(d)(1) has no express effective date provision, the effective date is April 24, 1996, the day the bill was signed into law. *See Gozlon–Peretz v. United States*, 498 U.S. 395, 404, 111 S.Ct. 840, 846, 112 L.Ed.2d 919 (1991).

2. See *Curtis v. Class*, 939 F.Supp. 703 (D.S.D. 1996); *Griffin v. Endicott*, 932 F.Supp. 231 (E.D.Wis.1996).

3. The Court recognizes that the presence of the two unexhausted claims may influence the effect that the statute of limitations provision has on Petitioner's exhausted claims. This influence is discussed at length in section 2 below. The purpose of this section is merely to determine the effect of the Act on the exhausted claims.

23, 103 S.Ct. 1811, 1819 n. 23, 75 L.Ed.2d 840 (1983) (quoting *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 791 n. 21, 70 L.Ed.2d 738 (1982)). Thus, the party bringing suit must be given a grace period in which he can file suit upon pre-accrued claims free of any bar or prejudice imposed by the new statute. In light of Supreme Court precedent this Court does not accept the view that the amended § 2244(d) applies retroactively.

 This raises the question as to what is a "reasonable time" within which Petitioner must file his habeas case. Both the Tenth and Seventh Circuits have ruled that the one-year limitation imposed by the Act was short enough so that the limitation itself was considered a reasonable time. *See Simmonds*, 111 F.3d at 746; *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds*, ── U.S. ──, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under this analysis, no petition filed by April 23, 1997, one year from the date of enactment, could be dismissed for violating the statute of limitations. While the Second Circuit has stated that there is no need to apply the full year as the reasonable time standard, they have not provided any other time frame for guidance. *See Peterson v. Demskie*, 107 F.3d 92, 93 (2nd Cir.1997). This Court sees no reason why it is preferable to make case by case determinations of reasonableness, as suggested by *Peterson*, in place of a predetermined one-year period. If anything, lack of a set standard can only increase the risk of arbitrary treatment by courts in deciding which petitions are time-barred. Therefore, this Court recognizes April 23, 1997 as the date by which all § 2254 petitions based on final judgments rendered before the Act's enactment must be filed.

Accordingly, Petitioner's exhausted claims, if not tolled by the presence of pending post-conviction remedies (discussed below), would

not be barred since the petition was filed on April 17, 1997.

### 2) Habeas Petitions Containing Multiple Claims

 The new statute raises the possibility that a habeas petition may contain multiple claims, each with a different date that would trigger the statute of limitations. While § 2244(d)(2) tolls the statute during the period in which a properly filed post-conviction remedy is pending, the Act does not provide guidance as to whether this tolling pertains only to the pending post-conviction claim, or extends to any other claims previously exhausted on direct appeal. Although the issue has not been widely litigated, those courts that have addressed it have stated that the one year period of limitations does not begin to run until after both direct review and post-conviction review have been exhausted. *See Valentine v. Senkowski*, 966 F.Supp. 239 (S.D.N.Y.1997); *Parisi v. Cooper*, 961 F.Supp. 1247 (N.D.Ill.1997).

This Court agrees and construes § 2244(d)(2) to toll the statute of limitations on all pending claims regardless of their finality, an interpretation that would be in keeping with Congress' goal of eliminating piecemeal litigation. *See Parisi*, 961 F.Supp. at 1248–1249 (stating that the thrust of the 1996 legislation was to streamline the habeas process). If each claim must be filed one year from the later of its final rejection in state court or from the date of the Act's enactment, two possibilities are likely to occur. Prisoners seeking habeas review will file an initial petition for their exhausted claims, and subsequently amend the petition as the pending post-conviction remedies become final. *Id.* This action would lead to further questions as to whether the added claim is a successive petition subject to § 2244(b)(2).[4]

---

4. Section 2244(b)(2) now reads:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
(A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the

Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional

The likelier scenario is that prisoners, seeking to avoid the risk of having their amended claims deemed successive petitions, will file premature petitions containing both exhausted and unexhausted claims. This is precisely the situation before this Court. Petitioner feared that his three exhausted claims would expire on April 23, 1997, one year from the Act's enactment. Accordingly, he felt the compulsion to file this petition containing all his claims six days before what he perceived to be the deadline. Petitioner's action, however, creates the further problem of partial exhaustion (discussed in the following section).

The Court feels that tolling the statute on all claims during the time in which a post-conviction remedy is pending will ensure that petitions are brought in their entirety at one time, thus keeping with the "one bite at the apple" approach.[5] All of a petitioners claims will be viewed as one constitutional case. Considering the lack of jurisprudence in this area, Petitioner's fears were not unfounded. However, because Petitioner still has claims pending on collateral review, the statute of limitations has not begun to run on his exhausted claims. Petitioner is not in danger of having his exhausted claims time-barred as of April 23, 1997.

### B) Exhaustion

When a habeas petition includes both exhausted and unexhausted claims, the traditional rule has been that the district court must dismiss the entire "mixed" petition. This total exhaustion rule was set forth by the Supreme Court in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), in an effort to promote comity and

ensure that federal courts will not consider claims until after the state courts have had equal opportunity to act.

The Act amends § 2254(b) and raises questions as to its effect on the total exhaustion rule. It is clear from § 2254(b)(1)[6] that, absent special circumstances, petitions containing unexhausted claims may not be granted unless the petitioner elects to proceed solely with his exhausted claims while forfeiting those unexhausted claims. This subsection thus has no bearing on the *Rose* decision. Subsection (b)(2)[7], however, gives the courts discretion to *deny* petitions containing unexhausted claims on the merits. It should be stressed that while Congress has given the federal courts this discretion to deny mixed petitions on the merits, it has not stated, nor even implied, that this action is preferable to the total exhaustion rule. Indeed, nearly all the federal courts have continued to apply *Rose* and have refused to exercise their discretion. *See generally In re Heidnik*, 112 F.3d 105, 109 (3d Cir.1997) (acknowledging the discretion granted by § 2254(b)(2) but electing not to exercise it); *Liegakos v. Cooke*, 106 F.3d 1381, 1388 (7th Cir.1997)

Respondent, however, does not ask the Court to dismiss or deny the petition in its entirety, but rather requests that the Court dismiss the unexhausted claims and deny the exhausted claims. Clearly such a motion could not be granted under the *Rose* total exhaustion rule, but Respondent's request raises the issue of whether the discretion given to the courts under § 2254(b)(2) includes the ability to deny part of a petition while dismissing the remaining parts.

---

error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**5.** It is generally acknowledged by courts and secondary authorities that the purpose of the Act was to make the habeas process more streamlined and efficient. *See Parisi*, 961 F.Supp. at 1248–1249, 17a Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4261 (Supp.1997).

**6.** Section 2254(b)(1) now reads:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the

judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

**7.** Section 2254(b)(2) reads:

An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

■ The language of § 2254(b)(2) suggests that Respondent's request is not within the authority of this Court. The statute refers to the application rather than to any particular claim. In other words, the plain meaning of the text suggests that the courts only have discretion to deny an entire "mixed" application on the merits, but cannot deny a particular claim. If a court does not elect to deny the whole application, then presumably it must adhere to the total exhaustion rule and dismiss the petition in its entirety. This position was recently espoused by the Second Circuit which reversed an order granting a motion similar to the one in question. See *Davidson v. Keane,* 107 F.3d 2 (Table), 1997 WL 64205 (2d Cir. Feb.14, 1997). Additionally, dismissing the unexhausted portion of Petitioner's application would lead to problems under § 2244(b) addressing successive petitions.[8]

■ The Court then is faced with the option of dismissing the entire petition, or of denying the entire petition on the merits. Because Petitioner felt compelled to hastily file the petition, the Court feels that it would be unjust to deny it at this time. This decision is reinforced by the fact that most federal courts have limited their denials of mixed petitions on the merits to extreme circumstances. Since the dismissal is not on the merits it is without prejudice. See *Garfinkle v. Huff,* 110 F.3d 63 (Table), 1997 WL 144212 (6th Cir. Mar.27, 1997). Although the Sixth Circuit has not addressed the question of whether a petition filed after a prior petition has been dismissed without prejudice is a successive petition under the amended § 2244(b), every other circuit that has confronted the issue has clearly stated that it is not. See *In re Gasery,* 116 F.3d 1051 (5th Cir.1997); *Christy v. Horn,* 115 F.3d 201, 208 (3d Cir.1997); *Benton v. Washington,* 106 F.3d 162, 164–165 (7th Cir.1996); *Denton v. Norris,* 104 F.3d 166, 167 n. 2 (8th Cir.1997); *In re Turner,* 101 F.3d 1323 (9th Cir.1997); *Dickinson v. Maine,* 101 F.3d 791 (1st Cir. 1996); *Camarano v. Irvin,* 98 F.3d 44, 46–47 (2d Cir.1996). As the *Benton* court pointed out, "the sequence of filing, dismissal, exhaustion in state court, and refiling in federal court might generate multiple docket numbers, but it would not be right to characterize it as successive." *Benton,* 106 F.3d at 164. Since it is likely that the Sixth Circuit will join these other circuits, this Court decides that any application refiled by Petitioner after the exhaustion of his state claims will not be deemed a successive petition, and can therefore be brought directly in this Court without first acquiring a certificate of appealability from the Sixth Circuit.

## III. Conclusion

In conclusion, the Court does not reach the merits of the petition but rather decides: 1) that Petitioner's three exhausted claims were not time-barred on the date that the Anti–Terrorism and Effective Death Penalty Act was enacted; 2) that Petitioner was not compelled to bring his three exhausted claims at this time in order to avoid losing them because they were tolled during the post-conviction relief process; 3) that Petitioner's entire application will be dismissed without prejudice in order for the post-conviction state remedies to be exhausted; 4) that any petition refiled after exhaustion will not be considered a successive petition and can be brought directly in this Court.

An appropriate order will enter.

### *ORDER*

For the reasons stated in the accompanying Memorandum Opinion, Petitioner's three exhausted claims were not time-barred on April 24, 1996, and the statute of limitations is presently tolled on all claims during the post-conviction relief process. Respondent's motion for summary judgment is DENIED, and Petitioner's entire application is DISMISSED without prejudice and can be refiled directly in this Court after total exhaustion.

It is so ORDERED.

---

8. *See* n. 4.