**Genesis HILL, Petitioner,**

v.

**Betty MITCHELL, Warden, Respondent.**

**No. C–1–98–452.**

United States District Court,
S.D. Ohio,
Eastern Division.

Dec. 21, 1998.

---

## OPINION AND ORDER

SARGUS, District Judge.

Petitioner, a prisoner sentenced to death by the State of Ohio, has initiated habeas corpus proceedings under 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion to hold the proceedings in abeyance, respondent's memorandum in opposition, and petitioner's reply. For the following reasons, petitioner's motion will be denied, without prejudice to renewal.

Petitioner initiated these habeas corpus proceedings on June 19, 1998 by filing a notice of intent to file a habeas corpus petition (docket # 1), a motion for appointment of counsel (docket # 2), and a motion to proceed *in forma pauperis* (docket # 3). On June 26, 1998, following a status conference held several days earlier, petitioner filed a habeas corpus action, with leave to file an amended action within sixty (60) days (docket # 6). Later that day, this Court issued a stay of execution (docket # 10). On November 2, 1998, following two extensions of time granted by this Court for further factual development and for the filing of petitioner's amended habeas corpus action, petitioner filed instead a motion to hold the proceedings in abeyance. That motion is presently before the Court.

In the motion to hold the proceedings in abeyance, counsel for petitioner argue that recently discovered facts—facts which could not have been discovered sooner—have given

rise to three new constitutional claims for certain, as well as the possibility of three more constitutional claims beyond those. Petitioner insists that he could not have discovered the facts underlying these claims until now, due to the state courts' refusal to appoint experts to assist him during his postconviction proceedings, or to permit discovery during those postconviction proceedings. One of petitioner's attorneys, Attorney Steven Brown, further submits as a reason for the failure to uncover and develop these claims sooner his own inexperience and lack of resources. Because these claims have never been presented to the state courts, petitioner asks this Court to hold these proceedings in abeyance while he pursues a successor postconviction action in the state courts. Petitioner argues that this Court has the authority to stay these proceedings, and insists that the failure to do so could irreparably prejudice him insofar as the Ohio Supreme Court could set a new execution date were this Court to lift its stay of execution, and because an exhaustion-based dismissal could prevent petitioner from filing a new petition due to the new statute of limitations under 28 U.S.C. § 2244(d). Petitioner argues in the alternative that, should this Court elect not to hold these proceedings in abeyance, it should at least safeguard petitioner's rights by dismissing the action without prejudice to his re-filing the action under the original case number once he exhausts state remedies.

Respondent opposes the motion, arguing that petitioner has procedurally defaulted his new claims by failing to timely raise them in the state courts. Respondent further argues that petitioner seeks to transform this Court's stay of execution into a vehicle for circumventing procedural rules established by the Ohio Supreme Court, insofar as the Ohio Supreme Court does not ordinarily countenance more than one round of collateral relief for a death row prisoner. Respondent further argues that petitioner's explanation for why he could not have discovered the facts underlying these claims sooner is unreasonable. Finally, respondent further insists that this Court is precluded under *Steffen v. Tate*, 39 F.3d 622, 626 (6th Cir.1994)

from delaying this habeas corpus action indefinitely.

■ It is well settled that, before a federal habeas court may grant relief on a constitutional claim, that claim must be exhausted in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). The exhaustion requirement is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

> It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.

*Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950). Out of this concern, and the desire to avoid piecemeal litigation in federal district courts, came the "total exhaustion" rule announced in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). There, the Supreme Court held that, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Id.* at 522, 102 S.Ct. 1198. Of course, exhaustion, while serving these important interests, is neither absolute nor jurisdictional. *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). An "extraordinary case" requiring "prompt federal intervention" may call upon a federal habeas court to overlook nonexhaustion. *Weaver v. Foltz*, 888 F.2d 1097, 1100 (6th Cir.1989), citing *Granberry v. Greer, supra*. With these principles in mind, the Court turns to petitioner's motion to hold these proceedings in abeyance.

Petitioner essentially asks this Court both to allow him to file a mixed habeas corpus petition, and then to hold these habeas corpus proceedings in abeyance while he returns to state court to exhaust several new claims in a successor state postconviction action. In the alternative, petitioner asks this Court to dismiss his habeas corpus action without prejudice to him re-filing the petition under the same case number, once he exhausts his

state court remedies. Respondent, on the other hand, asks this Court to find that the new claims advanced by petitioner are barred by procedural default because they were not timely presented to the state courts. After careful consideration, the Court does not subscribe to either party's view.

■ As a threshold matter, the Court doubts that it has the jurisdiction to permit petitioner to assert his unexhausted claims in an amended petition and then hold the habeas corpus proceedings in abeyance. At least two federal courts of appeals have squarely held that a district court does not have the authority to hold a *mixed* habeas corpus petition in abeyance pending exhaustion of state remedies. *See Victor v. Hopkins*, 90 F.3d 276, 282 (8th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1091, 137 L.Ed.2d 224 (1997); *Murray v. Wood*, 107 F.3d 629, 632 (8th Cir.1997); *see also Calderon v. United States District Court for the Northern District of California*, 134 F.3d 981 (9th Cir. 1998). Several other federal courts have suggested that, only under the most exceptional of circumstances would a district court have the authority to hold a mixed habeas corpus petition in abeyance pending the exhaustion of state remedies. *Christy v. Horn*, 115 F.3d 201, 207–208 (3rd Cir.1997); *Parker v. Johnson*, 988 F.Supp. 1474 (N.D.Ga.1998).[1] However, it seems clear from the decisions cited by petitioner that the Court can choose to hold the current action, consisting of only exhausted claims, in abeyance while petitioner pursues his additional claims in state court. The issue then becomes whether that power should be exercised in this case.

■ Initially, the Court rejects respondent's argument that petitioner's new claims are barred by procedural default. The Court will not make a decision as to procedural default concerning claims that have yet to be presented to the state courts, when the Ohio postconviction statute does permit a successive petition, filed out of time, if certain prerequisites are met. *See* R.C. § 2953.23(A). The Court simply does not know, and is not inclined to speculate, if the Ohio courts would find that these prerequisites have been satisfied. That decision is best left to the Ohio courts. Accordingly, the Court cannot find that petitioner's new claims are already procedurally defaulted.

■ To the extent that they apply, the general factors governing stays of pending litigation do not militate in petitioner's favor. In the context of more traditional civil actions, the Court has the inherent power to stay proceedings pending the resolution of the same or related issues in another forum. When considering such a motion, however, the Court places the burden on the party seeking a stay to demonstrate a clear hardship or inequity if the present action moves forward, to address the injury done to the opposing party, and to evaluate the public interest, including the judiciary's interest in efficiency, economy, and fairness. *See generally Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194 (6th Cir.1983); *Bedel v. Thompson*, 103 F.R.D. 78 (S.D.Ohio 1984).

There may be some hardship visited on petitioner if he is forced to litigate his claim's, (even though they are different claims), simultaneously in state and federal court. Additionally, if it were clear that petitioner could persuade the state court to hear his claims, and likely that he would obtain relief there, considerations of judicial

---

1. In an unreported decision containing this precise issue, the Sixth Circuit stated:

"We need not decide whether a district court has an inherent power of discretion to grant abeyance, because we rule on narrower grounds. Namely, we hold that, assuming that the district court judge possessed some discretion in this matter, that discretion has not been abused here." *Morris v. Bell*, 124 F.3d 198, 1997 WL 560055, at *2 (6th Cir. Sep.5, 1997). Citing *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir.1996), the Sixth Circuit went on to suggest that the proper course of action for a district court to take, when faced with a mixed habeas corpus petition, is to dismiss the entire action to permit exhaustion of state remedies. *Morris*, 1997 WL 560055, at *3.

At least one district court within the Sixth Circuit has held that, absent special circumstances, a mixed habeas corpus petition must be dismissed without prejudice if the petitioner wishes to present his unexhausted claims for federal habeas review. *Martin v.. Jones*, 969 F.Supp. 1058, 1062 (M.D.Tenn.1997).

economy would favor a stay. However, petitioner has not demonstrated a likelihood that the Ohio courts will even entertain his new claims, *see* R.C. § 2953.23(A), much less that he will succeed on the merits of those claims either in the state courts or this Court.

Further, the Court is not persuaded that petitioner will suffer a substantial hardship or inequity in the absence of a stay. As more fully explained below, there are courses of action less drastic than immediately issuing a stay which will protect petitioner's interests. Petitioner argues that if a stay is not granted, the Ohio Supreme Court might set a new execution date and not issue a stay of execution while he attempts to pursue his successor postconviction action, and notes that, were this Court to dismiss his entire habeas corpus action rather than staying it, petitioner might be prevented from returning to the federal courts by the limitations period set forth in 28 U.S.C. § 2244(d). Finally, he contends that if he is prevented from including his unexhausted claims in the present habeas corpus action, he might be prevented from ever securing habeas review of those claims by the prohibition against filing successive habeas corpus actions set forth in 28 U.S.C. § 2244(b).

The short answer to these contentions is that, as long as this case remains pending, a stay of execution will remain in effect. Further, if petitioner completes the process of exhausting his new claims prior to a decision on the merits, the Court could, at that time, entertain a motion for leave to amend to add the claims to this case. If he does not complete that process, he can always apply for a stay from either this Court or the Court of Appeals, at which point the Court will be in a much better position to evaluate the likelihood that these claims may either result in relief from the state courts, or have some potential merit. Thus, the Court does not believe that petitioner will suffer an undue hardship if a stay is not granted at this stage of the case.

The Court is also required to assess the injury that would result to the opposing party if a stay is granted. The State of Ohio has a substantial interest in the prompt adjudication of this habeas corpus action, insofar as the state is prohibited from enforcing the criminal judgment against petitioner until the habeas corpus proceedings have concluded. For similar reasons, the Court is not persuaded that the public interest favors a stay.

In sum, petitioner has not advanced any reasons which persuade the Court that an immediate stay is either warranted or necessary. The Court is also not persuaded that it is necessary to dismiss this entire habeas corpus petition, without prejudice, so that petitioner can exhaust his state court remedies, because the petition currently before the Court is not a mixed one. Rather, the Court will deny petitioner's motion to hold these proceedings in abeyance, without prejudice to its renewal if there are developments in the state court which may alter this analysis. Additionally, once petitioner completes the postconviction proceedings, he may move to amend the instant habeas corpus action to add his newly-exhausted claims.

For the foregoing reasons, petitioner's motion to hold these proceedings in abeyance is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**