Nowaczyk v. Cunningham                    CV-97-309-JD  02/11/99

UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Steven J. Nowaczyk

        v.                              Civil No. 97-309-JD

Michael J. Cunningham,
Warden, New Hampshire State Prison


                        O R D E R


    The magistrate judge has recommended that the court

reconsider its dismissal of Steven J. Nowaczyk's petition for

habeas corpus relief pursuant to 28 U.S.C.A. § 2254 and reinstate

the petition (document no. 54).  Both petitioner and respondent

object to the magistrate judge's report and recommendation,

albeit on different grounds.  For the reasons that follow,

Nowaczyk's habeas petition is dismissed without prejudice to

refile in a timely manner following the conclusion of all state

court proceedings related to his convictions that are challenged

in this petition.



                       Background

    Steven Nowaczyk was charged with crimes arising from a fire

that burned the "Nifty 50'ies Café," and was convicted on

December 1, 1994, in Rockingham County Superior Court on charges

of soliciting arson, conspiracy to commit arson, and witness

tampering. He was represented by new counsel on appeal who raised issues of ineffective assistance of trial counsel, prejudice resulting from the trial judge's failure to recuse herself from the case after Nowczyk filed a judicial conduct complaint against her, and insufficiency of the evidence to convict. Nowaczyk's convictions were affirmed by the New Hampshire Supreme Court on October 4, 1996.

Nowaczyk, proceeding pro se, moved for rehearing or reconsideration and then filed a writ of error coram nobis. In his motions, Nowaczyk argued, among other things, that the trial judge, Patricia Coffey, should have disqualified herself from his case, that his trial counsel's representation was constitutionally inadequate, and that because Justice William Johnson sat on the Judicial Conduct Committee that heard his complaint against Judge Coffey, he was denied a meaningful review by a neutral and detached appellate body. The court treated the writ of coram nobis as a supplement to his motion for reconsideration, and denied the motions in an order dated January 24, 1997.

In the meantime, another criminal case was progressing against Nowaczyk on charges pertaining to another restaurant fire. As that case was also before Judge Coffey, Nowaczyk's counsel moved to disqualify the judge. In the course of a

2

hearing on the motion on May 5, 1997, Nowaczyk's counsel told the court that Nowaczyk remembered contacting an attorney named John Coffey in 1991 or 1992 for legal advice about a lease pertaining to the Copper Penny Restaurant after the fire at the restaurant. Judge Coffey said that the attorney might have been her husband, John Coffey, and she would look into the issue.

Nowaczyk filed his petition for a writ of habeas corpus in this court on June 20, 1997. As grounds for habeas relief, he listed ineffective assistance of trial counsel, insufficient evidence to sustain the guilty verdict, prejudice due to the jury's consideration during deliberations of the original indictments against him, and that he was denied a fair trial and a fair appellate review by neutral and detached judges. In July, Nowaczyk moved to disqualify all of the judges in this district asserting that none of the judges could be impartial in considering grounds for habeas relief that questioned the conduct of state court judges. The motion was transferred to the district of Rhode Island, and in November of 1997 the motion was denied.

In the state court proceedings, Judge Coffey initially denied Nowaczyk's motion, based on her alleged bias, to modify and suspend his sentences in his arson convictions. In response to his motion to reconsider, however, Judge Coffey recused

3

herself and vacated her order denying his motion. Nowaczyk's motion for emergency relief filed on October 1, 1997, seeking to enjoin his criminal trial from proceeding before Judge Coffey was denied. Judge Walter Murphy then considered Nowaczyk's motions pending after Judge Coffey vacated her rulings and, after finding no basis for Judge Coffey's recusal, on December 1, 1997, denied relief. Nowaczyk challenged Judge Murphy's ruling in motions to reconsider and then filed an emergency writ of errors or writ of certiorari to the New Hampshire Supreme Court. The emergency writ was declined on July 31, 1998.

On February 28, 1998, the respondent moved in this court to dismiss Nowaczyk's habeas proceeding because he was simultaneously challenging the same convictions in state court in his writ of errors to the New Hampshire Supreme Court. The court granted respondent's motion to dismiss without prejudice on July 21, 1998. Nowaczyk appealed the decision, and then moved to reconsider the dismissal citing the New Hampshire Supreme Court's decision on July 31, 1998. The court denied Nowaczyk's motion to reconsider as moot due to Nowaczyk's pending appeal.

It appears from documents submitted by respondent that in May of 1998 Nowaczyk filed a motion to vacate or set aside judgment challenging his convictions, including convictions on the charges arising from the fire at the "Nifty 50'ies Café," on

4

grounds of double jeopardy violations and related issues of ineffective assistance of counsel. After the superior court denied Nowaczyk's motion and his request for a hearing, he filed a petition for a writ of certiorari with the New Hampshire Supreme Court dated August 3, 1998. The magistrate judge noted that Nowaczyk had filed an action, docket number 98-582, in the New Hampshire Supreme Court on September 10, 1998, and that as of December 14, 1998, when the report and recommendation issued, the action was still pending.

In an order entered on November 9, 1998, the First Circuit determined that this court had authority to consider Nowaczyk's motion to reconsider, despite the pendency of the appeal. The First Circuit remanded the case for this court to address the motion for reconsideration noting that events after dismissal would not necessarily require reinstating a habeas petition. The appeals court also directed this court to address the applicable limitations period under 28 U.S.C.A. § 2244(d) to determine whether time would remain for Nowaczyk to refile his petition, if necessary. On remand, the matter was referred to the magistrate judge who issued a report and recommendation to grant the motion to reconsider and to reinstate Nowaczyk's petition.

5

## Discussion

Respondent objects to the recommendation of the magistrate mudge to reinstate Nowaczyk's habeas action. Respondent contends that Nowaczyk still has an action pending in state court challenging his convictions that are the subject of his habeas petition here, and that he is not entitled to maintain actions in state and federal courts challenging the same convictions. Nowaczyk objects to the magistrate judge's determination of the limitations period. The challenged portions of a recommendation by the magistrate judge as to a dispositive motion are reviewed de novo. 28 U.S.C.A. § 636(b)(1); Fed. R. Civ. P. 72(b).

### A. Exhaustion

An applicant for habeas corpus relief must normally exhaust state court remedies before relief may be granted. 28 U.S.C.A. § 2254(b)(1)(A); Stewart v. Martinez-Villareal, 118 S. Ct. 1618, 1622 (1998). The exhaustion requirement is an application of the comity doctrine protecting state court convictions from action by federal courts until the state courts have first had an oppor-tunity to address and, if necessary correct, a constitutional error. Rose v. Lundy, 455 U.S. 509, 522 (1982). A claim is exhausted, for purposes of an application for habeas relief, when the factual and legal bases of the federal claim have been raised

6

in the state trial court and have been pursued through the appeal process provided. See Picard v. Connor, 404 U.S. 270, 275-76 (1971). Once the federal claim has been fairly raised in state court, exhaustion does not require that an applicant pursue all opportunities for collateral relief in state courts. See Castille v. Peoples, 489 U.S. 346, 349-350 (1989).

The record indicates, and the parties seem to agree, that Nowaczyk exhausted his federal claims in state court before filing his habeas action in this court. Accordingly, Nowaczyk has not filed a mixed petition presenting exhausted and unexhausted claims. Cf. Rose, 455 U.S. at 520.

Instead, Nowacyzk's incessant litigation challenging his convictions in state court on the "Nifty 50'ies Café" fire charges poses an atypical exhaustion issue implicating another aspect of the comity doctrine. In addition to protecting the state court's concurrent jurisdiction to enforce federal law, the comity doctrine also operates "to prevent disruption of state judicial proceedings" by teaching that "'one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" Rose, 455 U.S. at 518 (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)).

7

When the court dismissed without prejudice Nowaczyk's habeas action on July 21, 1998, his emergency writ was pending with the New Hampshire Supreme Court. Therefore, although Nowaczyk's federal claims had been previously exhausted, other state court litigation challenging the same convictions was pending. Nowaczyk did not raise any unusual circumstances about the state court actions, such as extraordinary delay, that would justify concurrent actions. See Phillips v. Vasquez, 56 F.3d 1030, 1033 (9th Cir. 1995). Accordingly, as the doctrine of comity instructs, it was appropriate for the court to defer to the state court action.[1] See, e.g., Edelbacher v. Calderon, 160 F.3d 582, 585 (9th Cir. 1998); Keller v. Petsock, 853 F.2d 1122, 1126 n.4 (3d Cir. 1988); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); Parisi v. Cooper, 961 F. Supp. 1247, 1248 (N.D. Ill. 1997); but see Simmons v. Blodgett, 110 F.3d 39, 40-41 (9th Cir. 1997) (comity issues not addressed where state did not object); Pringle v. Court of Common Pleas, 744 F.2d 297, 299 (3d Cir. 1984) (concurrent state court challenge of sentence did not require dismissal of exhausted federal claims).

---

[1]Indeed, if Nowaczyk were to proceed to judgment with his exhausted claims, he might be barred from raising any other claims currently in state court litigation in a second habeas application by the prohibition against second or successive applications. See 28 U.S.C.A. § 2244(b); see also Martin v. Jones, 969 F. Supp. 1058, 1062 (M.D. Tenn. 1997).

To the extent events occurring after Nowaczyk's federal habeas proceeding was dismissed are pertinent, the New Hampshire Supreme Court's decision on July 31, 1998, declining Nowaczyk's emergency writ, did not end all state court proceedings pertaining to his judgment of conviction. Nowaczyk was still litigating his double jeopardy claims in state court. That action remained pending in December of 1998, and neither Nowaczyk nor respondent has indicated that all pertinent state proceedings have now terminated. Therefore, subsequent events have not altered the original grounds for dismissing the action without prejudice.

Having determined that the habeas application is subject to dismissal without prejudice, the limitations period under 28 U.S.C.A. § 2244(d) is pertinent. If the limitations period has already expired, dismissal without prejudice in this case would have the practical effect of a dismissal with prejudice. To avoid that result, a district court may employ other means to protect exhausted claims from the expiration of the limitations period, while collateral state proceedings run their course. See, e.g., Hill v. Mitchell, No. C-1-98-452, 1998 WL 897353 *2 (S.D. Ohio Dec. 21, 1998); Kethley v. Berge, 14 F. Supp. 2d 1077, 1079 (E.D. Wis. 1998); but see Sperling v. White, No. CV 98-3424-CAS(E), 1998 WL 892769 *7 (C.D. Cal. Dec. 11, 1998).

9

B. <u>Limitations Period</u>

Federal habeas actions are subject to a one-year limitations period. 28 U.S.C.A. § 2244(d)(1). Pertinent to this case, the limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" § 2244(d)(1)(A), or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," § 2244(d)(1)(D).

The parties seem to agree, and the magistrate judge found, that Nowaczyk's state court appeal was final on January 24, 1997.[2] Nowaczyk was barred from further review by the New Hampshire Supreme Court, N.H. Sup. Ct. R. 22(5), and did not seek a writ of certiorari to the United States Supreme Court.[3]

---

[2]In contrast, Judge Murphy said, without explanation, that the date of the final disposition of Nowaczyk's appeal was February 26, 1997. <u>State v. Nowaczyk</u>, Nos. 94-S-457, 831, 833, and 835, slip. op. at 1 (N.H. Superior Ct. Dec. 1, 1997).

[3]When a petitioner does not seek United States Supreme Court review, some courts have also added the ninety days allowed for seeking review to determine the date of the final judgment. <u>See, e.g.</u>, <u>Blasi v. Attorney General of the Commonwealth of Pa.</u>, No. 4:cv-98-1545, 1998 WL 886971 *2 (M.D. Pa. Dec. 17, 1998); <u>Torres v. Irvin</u>, No. 97-5078 (DLC), 1998 SL 824527 (S.D.N.Y. Dec. 11, 1998); <u>Souch v. Harkins</u>, 21 F. Supp. 2d 1083, 1984 (D. Ariz. 1998); <u>but compare</u> <u>Gendron v. United States</u>, 154 F.3d 672 (7th Cir. 1998) (holding § 2255 did not incorporate time for review into the limitation period but not deciding whether § 2244(d) included time for Supreme Court review) <u>with</u> <u>Kapral v. United States</u>, No. 97-5545 1999 WL 42077 (3d Cir. Feb. 2, 1999)

10

Accordingly, the applicable beginning date for the limitation period, for purposes of the present analysis only, is January 24, 1997.

In his objection to the magistrate judge's report and recommendation, Nowaczyk argues that he did not know, and could not have discovered through due diligence, the factual basis for his claim of bias based on his consultation with Judge Coffey's husband, Attorney John Coffey, until the hearing on May 5, 1997. Nowaczyk contends that he could not have discovered the relationship because he was not afforded an opportunity to conduct discovery on the issue. Discovery, however, was not necessary. The record shows that he consulted with John Coffey in 1991 or 1992 long before the criminal proceedings began. Despite his repeated motions beginning early in the criminal case to disqualify Judge Coffey for lack of impartiality, he did not raise the issue of his consultation with John Coffey until the hearing in his second criminal prosecution in May of 1997. Nowaczyk has not explained whether he was aware of the connection earlier or, if not, what sparked his memory in the spring of

(conviction not final within the meaning of § 2255 until the expiration of time allowed for review by the Supreme Court). As time remains in the limitation period without adding the extra ninety days allowed for Supreme Court review, it is not now necessary to decide whether that time would be added to determine the date of the final judgment in this case.

1997. When the issue was raised at the hearing, Judge Coffey addressed it immediately showing that "discovery" was not necessary to determine her relationship to John Coffey. Therefore, Nowaczyk has not demonstrated that he could not have discovered the relationship earlier with reasonable diligence, and for that reason, § 2244(d)(1)(D) does not operate to delay the onset date of the limitation period to May 5, 1997.

Nowaczyk's habeas application, filed on June 20, 1997, was timely. Before dismissing his application without prejudice, however, it is necessary to determine whether time will remain for him to refile his petition if necessary at the conclusion of the state court proceedings. Ordinarily, the time elapsed during the pendency of a federal action that is dismissed without prejudice does not toll the limitations period for a subsequently filed action. See Chico-Velez v. Roche Products, Inc., 139 F.3d 56, 59 (1st Cir. 1998).

The statute provides that the limitations period is tolled during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). As the record does not suggest otherwise, it is presumed for purposes of this analysis that Nowaczyk's state court actions were properly filed within the meaning of § 2244(d)(2). Not all of Nowaczyk's

12

state court proceedings, however, addressed the claims raised in the habeas application here. Other courts interpreting § 2244(d)(2) have held that the tolling period applies to state court review of all claims challenging the "pertinent judgment" as well as to each claim that is also raised in the federal habeas proceeding. See, e.g., Davis v. Keane, 9 F. Supp. 2d 391, 393 (S.D.N.Y. 1998); Parker v. Johnson, 988 F. Supp. 1474, 1476(N.D. Ga. 1998) (citing cases); Parisi, 961 F. Supp. at 1248-49. Therefore, to the extent Nowaczyk's state court actions challenged his judgment of conviction on the "Nifty 50'ies Café" charges, the § 2244(d) limitations period was, and continues to be, tolled during the pendency of those actions.

Section 2244(d)(2) does not explicitly toll the limitations period while federal collateral proceedings are pending. Although the conjunctive construction of the phrase "other collateral review" might permit an inference that federal as well as state review was intended, in the context of the statute that interpretation seems unlikely. See Sperling, 1998 WL 892769 *2-*6. Absent a statutory tolling provision, a question arises as to whether equitable tolling principles would apply. Courts that have considered the question have held that § 2244(d)(2) is a statute of limitations, not a jurisdictional limit, and is therefore subject to equitable tolling. See, e.g., Davis v.

13

Johnson, 158 F.3d 806, 810 (5th Cir. 1998) (collecting cases).
It is likely that the First Circuit would also interpret the
statute as being subject to equitable tolling in appropriate
circumstances.

Equitable tolling of a federal limitation period, however,
is rarely available:

> Federal courts have typically extended equitable relief
> only sparingly.  We have allowed equitable tolling in
> situations where the claimant has actively pursued his
> judicial remedies by filing a defective pleading during
> the statutory period, or where the complainant has been
> induced or tricked by his adversary's misconduct into
> allowing the filing deadline to pass.  We have
> generally been much less forgiving in receiving late
> filings where the claimant failed to exercise due
> diligence in preserving his legal rights.

Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)
(footnotes omitted); see also Wilson v. United States, 23 F.3d
559, 561 (1st Cir. 1994) (equitable tolling principles in federal
question case); Miller v. New Jersey Dept. of Corrections, 145
F.3d 616, 618 (3d Cir. 1998) (equitable tolling in § 2244(d)
context); Moore v. Hawley, 7 F. Supp. 2d 901, 904 (E.D. Mich.
1998) (same).  This case, in which the habeas application was
timely filed while state proceedings were pending, might fit into
the exception for a defective pleading filed during the
limitations period.

Based on the present record, the one-year period has partly
expired.  It ran between January 24, 1997, and October 23, 1997,

14

when Nowaczyk filed a motion to vacate his conviction in state court, and perhaps again between July 31, 1998, when the New Hampshire Supreme Court denied his emergency writ and August 3, 1998, when he filed a writ of certiorari to the New Hampshire Supreme Court.  Since August 3, Nowaczyk apparently has had pertinent ongoing actions in state court tolling the limitations period.  In the event that the state proceedings have concluded, which would end the tolling effect of § 2244(d)(2), it is possible that equitable tolling would apply in this case to toll the limitations period while the federal habeas application was pending in this court.  In either case, therefore, some time, but not the full year, would remain for Nowaczyk to refile his application at the conclusion of his state court proceedings.  Accordingly, it is unnecessary to stay the proceedings here, rather than to dismiss the application without prejudice, in order to protect Nowaczyk's exhausted claims from the expiration of the limitations period.  See Parisi, 961 F. Supp. at 1248-49; cf. Kethley, 14 F. Supp. 2d at 1079; Ashmus v. Calderon, 977 F. Supp. 987, 993 (N.D. Cal. 1997).

Accordingly, Nowaczyk's application for habeas relief was properly dismissed without prejudice to refile in a timely manner at the conclusion of his collateral state court proceedings that challenge his convictions on the "Nifty 50'ies Café" charges.

15

Nowaczyk is cautioned that part of the one-year limitations period provided by § 2244(d) has already run. Once his pertinent state court proceedings are concluded, the limitations period will again begin to run until it quickly expires. Therefore, if issues remain at the conclusion of the state court proceedings that are appropriate for habeas relief, Nowaczyk should be mindful of the diminished limitation period that remains.

## Conclusion

For the foregoing reasons, the court declines to accept the report and recommendation of the magistrate judge to grant petitioner's motion for reconsideration and to reinstate the application for habeas relief (document no. 54). Having considered petitioner's motion to reconsider as directed by the United States Court of Appeals for the First Circuit, the court concludes that the application was properly dismissed without prejudice to refile at the conclusion of petitioner's pertinent state court proceedings.

Therefore, petitioner's motion for reconsideration (document no. 42) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

February 11, 1999

cc:  Constance N. Stratton, Esquire
     Steven J. Nowaczyk, pro se

17