Spiro **KOULOURIS**, **d/b/a Formcraft Company, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**BUILDERS FENCE COMPANY, INC., and Master–Halco, Inc., Defendants.**

**No. C91–954R.**

United States District Court, W.D. Washington, at Seattle.

Oct. 23, 1991.

Mark Adam Griffin, Lynn Lincoln Sarko, Keller Rohrback, Seattle, WA, Donald L. Perelman, Fine, Kaplan & Black, Philadelphia, PA, and Joseph Goldberg, Freedman, Boyd, Daniels, Peifer, Hollander, Guttmann & Goldberg, Albuquerque, NM, for plaintiffs.

Richard J. Wallis, Bogle & Gates, Seattle, WA, Don T. Hibner, Jr., Frank Falzetta, Gordon A. Greenberg, Sheppard, Mullin, Richter & Hampton, Los Angeles, CA, Marvin L. Gray, Jr., Nina Bingham Hale, Davis Wright Tremaine, Seattle, WA and Donald M. Wessling, O'Melveny & Myers, Los Angeles, CA, for defendants.

ORDER GRANTING DEFENDANT'S MOTION TO SHORTEN TIME AND GRANTING A LIMITED STAY OF PROCEEDINGS

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on defendants' motion to shorten time and to stay proceedings. Having reviewed the motion together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

## I. BACKGROUND

Defendant Builders Fence Company faces allegations of criminal and civil violations of the Sherman Act for conspiring to fix the prices of chain-link fencing materials. On March 27, 1991, a grand jury in California indicted the company under the act, and the criminal trial is now pending. Plaintiffs brought this civil antitrust action in July, 1991, and served defendants Builders Fence and Master–Halco, Inc., on September 20, 1991. Builders Fence retained the law firm of Bogle & Gates on September 30 to prepare its defense in this civil action. The California law firm of Mullin, Richter & Hampton were retained for the criminal action. Defendant Builders Fence has moved to shorten time on its underlying motion to stay proceedings in this court until the conclusion of the criminal trial in California. Defendant's motion for a stay is based on their contention that to respond to discovery requests and pretrial motions in the civil action would compromise their ability to defend themselves in the criminal action.

Plaintiffs and defendant relate substantially different versions of events after defendant's appearance and answer on October 2. On that date Builders Fence asked plaintiffs for a stay of their action until the conclusion of the criminal trial. Builders Fence contends that plaintiffs did not respond to their request for a stay, and that the next communication from plaintiffs was service of their motion for class certification on October 9. According to plaintiffs, the issue was discussed among all counsel for plaintiffs and they responded to Builders Fence on October 7, saying that they would agree to a stay if Builders Fence would stipulate to plaintiffs' class certification. On October 17, plaintiffs and defendant Master–Halco, Inc., stipulated to plaintiffs' class certification and a stay of the civil action until January 15, 1992. Plaintiffs also claim that on October 10, defendants said that they would not stipulate to plaintiffs class certification, but made a counteroffer to provide plaintiffs with all documents requested by the California grand jury within 30 days of the end of the criminal trial if plaintiffs would agree to stay the civil proceedings. Plaintiffs say that counsel tried to reach each other from October 14 to October 16, when plaintiffs told defendants that they would not agree to their counteroffer. Defendants contend that they made their counteroffer on October 15, and had not heard from plaintiffs by October 16, when defendants filed this motion to shorten time and to stay proceedings.

## II. DISCUSSION

■ The power of a district court to stay proceedings is purely discretionary. *In re Mid–Atlantic Toyota Antitrust Litigation,* 92 F.R.D. 358, 359 (D.Md.1981). Consideration of the following five factors has traditionally guided the court's discretion: (1) plaintiffs' interest in proceeding expeditiously with the civil action balanced against prejudice to plaintiffs resulting from the delay; (2) burden on defendants; (3) convenience to the courts; (4) the interests of non-parties to the civil litigation; and (5) the public interest. *Golden Quality Ice Cream Co. v. Deerfield Specialty,* 87 F.R.D. 53, 56 (E.D.Penn.1980).

Defendant Builders Fence requests a complete stay of the civil action until 30 days after the completion of its criminal trial, at which time defendant proposes to answer plaintiffs' amended complaint. Sixty days after the criminal trial, Builders Fence would agree to respond to plaintiffs' first set of interrogatories and requests for production. Builders Fence proposes to respond to plaintiffs' motion for class certification within 90 days of the completion of its criminal trial.

■ Plaintiffs in federal courts are given the privilege to expeditiously pursue their case. *Golden Quality Ice Cream Co.,* 87 F.R.D. at 56. In the context of the predictably extended calendar of typical multi-party civil antitrust litigation, however, a limited stay in the proceedings does not pose a significant threat of oppressive delay. Nor should defendant Builders Fence be overly burdened in answering limited discovery requests and responding to plaintiff's motion for class certification,

considering the resources of the two law firms retained to prepare the civil and criminal defenses. Determination of the appropriateness of certification as a class action is not likely to duplicate or intrude on issues in the criminal trial, which is taking place in another district.

Defendant's proposed schedule would unnecessarily delay the civil litigation. The public interest lies with the parties moving forward with limited discovery and pretrial motions, pending the completion of the criminal trial.

It is hereby ORDERED, ADJUDGED and DECREED that:

(1) defendant's motion to shorten time is GRANTED;

(2) defendant's shall make a timely response to plaintiffs' motion for class certification;

(3) defendants shall provide plaintiffs with all documents produced in response to the grand jury subpoenas by November 4, 1991;

(4) all other pretrial proceedings are stayed until January 15, 1992.