Slip Op. 00 - 33

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - x
                                        :
NEENAH FOUNDRY CO. et al.,              :
                                        :
                  Plaintiffs,           :
                                        :
            v.                          :   Court No. 99-11-00716
                                        :
UNITED STATES OF AMERICA and THE        :
UNITED STATES INTERNATIONAL TRADE       :
COMMISSION,                             :
                                        :
                  Defendants.           :
- - - - - - - - - - - - - - - - - - - - x

Memorandum & Order

[Plaintiffs' motion to stay this action denied.]


                                   Dated:  March 31, 2000

     Collier, Shannon, Rill & Scott, PLLC (Paul C. Rosenthal
and Robin H. Gilbert) for the plaintiffs.

     Lyn M. Schlitt, General Counsel, James A. Toupin, Deputy
General Counsel, and Charles A. St. Charles, Attorney-Advisor,
for the defendant United States International Trade Commission.


          AQUILINO, Judge:  This action contests the "sunset

review" determination of the International Trade Commission

("ITC") pursuant to 19 U.S.C. §1675(c)(1) (1995) that

     revocation of the countervailing duty order on iron
     metal castings from India would not be likely to
     lead to continuation or recurrence of material in-
     jury to an industry in the United States within a
     reasonably foreseeable time.


Iron Metal Castings From India; Heavy Iron Construction Castings

From Brazil; and Iron Construction Castings From Brazil, Canada,

and China, 64 Fed.Reg. 58,442 (Oct. 29, 1999).  This decision

caused the International Trade Administration, U.S. Department of Commerce ("ITA") to publish its notice of Revocation of Counter-vailing Duty Order: Iron Metal Castings From India, 64 Fed.Reg. 61,602 (Nov. 12, 1999), whereupon the same plaintiffs as appear herein, and which had earlier commenced an action against the ITA, contesting its Amended Final Results of Expedited Sunset Review: Iron Metal Castings From India, 64 Fed.Reg. 37,509 (July 12, 1999), moved therein for a preliminary injunction, continuing suspension of liquidation of entries of such merchandise pending this court's resolution of their action(s).

That relief was denied sub nom. Neenah Foundry Co. v. United States, 24 CIT ___, ___ F.Supp.2d ___ (Jan. 20, 2000)[1], but this court did recognize concern on the part of the plain-tiffs that judicial review and any necessary, resultant, further administrative proceedings could consume, in regular course, much time -- free of the long-standing countervailing-duty or-der[2], and the parties to both aforementioned actions were thus invited to present dispositive issues in an expeditious manner.

Notwithstanding this invitation, come now the plain-tiffs with a Motion to Stay Proceedings herein, asserting that

> the outcome of the related case, Court No. 99-07-00441, could have a significant impact on this case

---

[1] This opinion, familiarity with which is presumed, will be cited hereinafter as "Slip Op. 00-7".

[2] Certain Iron Metal Castings from India: Countervailing Duty Order, 45 Fed.Reg. 68,650 (Oct. 16, 1980).

. . ., [and] plaintiffs believe the interests of jus-
tice and judicial economy justify a stay of this pro-
ceeding until final resolution has been reached in the
related case.

This motion is opposed by the defendant ITC, which represents in
its papers that the intervenor-defendants join in this opposi-
tion.  They summarize their position, in part, as follows:

[P]laintiffs have not shown that their separate
challenge of the Commerce sunset results will
cause exceptional circumstances warranting Com-
mission reconsideration of its sunset determina-
tion.  A stay of proceedings in this action pend-
ing judgment in Neenah . . . is inappropriate in
the absence of a clear nexus between the issues
in this action and the potential outcome of Court
No. 99-07-00441.

Opposition of Defendant ITC, p. 6.  Given the current, prelimi-
nary status of both actions, this court cannot disagree.  See
generally Slip Op. 00-07, pp. 13-17.

        Of course, a long- and still-standing principle of
Anglo-American jurisprudence is that a party plaintiff is the
master of its complaint.  See, e.g., City of Chicago v. Int'l
College of Surgeons, 522 U.S. 156, 164 (1997); Caterpillar Inc.
v. Williams, 482 U.S. 386, 398-99 (1987); Healy v. Sea Gull Spe-
cialty Co., 237 U.S. 479, 480 (1914); The Fair v. Kohler Die &
Specialty Co., 228 U.S. 22, 25 (1912).  It is equally well-
established, however, that

the power to stay proceedings is incidental to the
power inherent in every court to control the dispo-
sition of the causes on its docket with economy of
time and effort for itself, for counsel, and for
litigants.

Landis v. North American Co., 299 U.S. 248, 254 (1936).  See,

e.g., American Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937)

("In the exercise of a sound discretion[, a court] may hold one

lawsuit in abeyance to abide the outcome of another, especially

where the parties and the issues are the same"); Cherokee Nation

of Okla. v. United States, 124 F.3d 1413, 1416 (Fed.Cir. 1997)

("When and how to stay proceedings is within the sound discretion

of the trial court").

        In exercising this discretion, a court "must weigh

competing interests and maintain an even balance"[3], taking into

account those of the plaintiff, the defendant, non-parties or the

public, and even itself.  See, e.g., Hill v. Mitchell, 30 F.Supp.

2d 997, 1000 (S.D.Ohio 1998); Schwartz v. Upper Deck Co., 967

F.Supp. 405, 416 (S.D.Cal. 1997); Koulouris v. Builders Fence

Co., 146 F.R.D. 193, 194 (W.D.Wash. 1991), citing Golden Quality

Ice Cream Co. v. Deerfield Specialty Papers, Inc., 87 F.R.D 53,

56 (E.D.Penn. 1980); McDonald v. Piedmont Aviation Inc., 625 F.

Supp. 762, 767 (S.D.N.Y. 1986).  However,

> the suppliant for a stay must make out a clear case of
> hardship or inequity in being required to go forward,
> if there is even a fair possibility that the stay for
> which he prays will work damage to some one else.

Landis v. North American Co., 299 U.S. at 255.  In other words,

a movant must "make a strong showing" that a stay is necessary

and that "the disadvantageous effect on others would be clearly

---

    [3] Landis v. North American Co., 299 U.S. 248, 254-55 (1936).

outweighed."   <u>Commodity Futures Trading Comm'n v. Chilcott Port-
folio Management, Inc</u>., 713 F.2d 1477, 1484 (10th Cir. 1983).

        Plaintiffs' request herein is primarily based upon the
potential impact of the court's judgment in the related action
against the ITA.  Their thesis is that the issues raised in that
appeal

>    go to the heart of Commerce's determination regarding
>    the subsidy rates anticipated to exist if the order on
>    Indian castings were to be revoked. . . .  If plain-
>    tiffs prevail in their appeal of the Commerce deter-
>    mination, the rates recalculated on remand could be
>    significantly higher . . ..
>
>    Because the Commission's negative determination
>    was by a vote of four commissioners in the negative and
>    two in the affirmative, a change in just one commis-
>    sioner's decision from negative to affirmative could
>    result in continuation of the CVD order.  The record
>    of the Commission's determination shows unquestionably
>    that the commissioners who voted in the negative were
>    influenced in their decisions by the low subsidy rates
>    found by Commerce . . ..  If plaintiffs prevail on one
>    or more issues raised in the Commerce litigation, and
>    Commerce increases the net countervailable subsidy
>    rates on remand, it would be appropriate for the Com-
>    mission voluntarily to take a remand or for the Court
>    to order a remand to the Commission for its consider-
>    ation of the change in this material evidence.

Plaintiffs' Motion to Stay Proceedings, pp 2-3.  In assessing the
competing interests, the plaintiffs claim that "a stay of this
proceeding will have no adverse impact on any party", that "it
would streamline significantly the issues in this appeal", and,

>    depending upon the results of the Commerce appeal,
>    plaintiffs might not continue their appeal of the ITC
>    determination, thus saving the parties from briefing
>    the issues in this case altogether.

<u>Id</u>. at 8.

Whatever the virtue of this analysis, counsel for the Commission point out that the plaintiffs

> have provided no basis to find it likely that, if Commerce were to complete a remand determination, the revised results would be of an "exceptional" nature, justifying the Commission's reexamination of its earlier determination . . . [or] for their claim that . . . the margins found by Commerce could increase substantially.

Opposition of Defendant ITC, pp. 4, 5. Furthermore, the "[p]laintiffs acknowledge . . . that their second claim, concerning . . . application of the cumulation provision, 'could be considered prior to any determination of the Commerce appeal'". Id. at 5, quoting Plaintiffs' Motion to Stay Proceedings, p. 7.

While the defendant does not argue that ITC interests would be seriously compromised by a stay, some harm is inherent in any denial of the right to proceed. See, e.g., Landis v. North American Co., 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both"); Klein v. Adams & Peck, 436 F.2d 337, 339 (2d Cir. 1971) ("The right to proceed in court should not be denied except under the most extreme circumstances"). The question therefore is whether the plaintiffs are faced with such circumstances.

Clearly, they are not. Hence, their motion to stay this action must be, and it hereby is, denied. And the parties

are thus hereby reminded of their commitment in the Joint Status Report filed herein pursuant to CIT Rule 56.2(a) to propose a briefing schedule within ten days of this adverse decision.

So ordered.

Dated:  New York, New York
        March 31, 2000

_____
                                            Judge