Slip Op. 00 - 161

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - - -x

TAK FAT TRADING CO., MEI WEI FOODS INDUS-:
TRY CO., LTD., LEUNG MI INTERNATIONAL,
TAK YEUN CORP. and GENEX INTERNATIONAL  :
CORP.,
                                         :

                    Plaintiffs,
                                         :

              v.
                                         :
UNITED STATES,                              Court No. 00-07-00360
                                         :
                    Defendant,
                                         :

              -and-
                                         :

COALITION FOR FAIR PRESERVED MUSHROOM
TRADE,                                   :

              Intervenor-Defendant.      :

- - - - - - - - - - - - - - - - - - - - - -x

Memorandum & Order

[Plaintiffs' motion to stay this action denied.]

                              Dated: December 12, 2000


      Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP
(Peter W. Klestadt, Erik D. Smithweiss and Mark E. Pardo) for the
plaintiffs.

      David W. Ogden, Assistant Attorney General; David M. Cohen,
Director, and Velta A. Melnbrencis, Assistant Director, Commer-
cial Litigation Branch, Civil Division, U.S. Department of Jus-
tice; and Office of Chief Counsel for Import Administration, U.S.
Department of Commerce (John F. Koeppen), of counsel, for the
defendant.

      Collier Shannon Scott, PLLC (Michael J. Coursey and Adam H.
Gordon) for the intervenor-defendant.


         AQUILINO, Judge:  The plaintiffs, which have brought

this action pursuant to 19 U.S.C. §1516a(a)(2)(A)(ii) and (B)(vi)

and 28 U.S.C. §1581(c) for judicial review of a final ruling by the International Trade Administration, U.S. Department of Commerce ("ITA") as to the scope of its <u>Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Preserved Mushrooms From the People's Republic of China</u>, 64 Fed.Reg. 8,308 (Feb. 19, 1999), now move for a stay of proceedings herein pending final resolution of <u>Tak Yuen Corp. v. United States</u>, CIT No. 00-10-00490, an action just commenced to contest classification by the Customs Service under the Harmonized Tariff Schedule of the United States ("HTSUS") of certain preserved mushrooms from China.  The plaintiffs state that their

> instant scope litigation should be stayed pending a decision in <u>Tak Yuen</u> . . . because: (1) the outcome of th[at] tariff classification case will directly bear upon the scope litigation, (2) the classification issue raised in <u>Tak Yuen</u> cannot be properly resolved in the scope litigation, (3) plaintiffs in the scope litigation risk irreparable harm if the scope litigation is decided prior to a decision in the tariff classification case, and (4) defendants suffer no real harm from a temporary stay of the scope litigation.

Plaintiffs' Motion to Stay, p. 6.

Neither the defendant nor the intervenor-defendant consents to this motion.

I

In <u>Neenah Foundry Co. v. United States</u>, 24 CIT ___, ___, Slip Op. 00-33 (March 31, 2000), this court had occasion to point to the long-standing principle that a party plaintiff is

the master of its complaint[1], but also that

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.

Landis v. North American Co., 299 U.S. 248, 254 (1936).  See, e.g., American Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937) ("In the exercise of a sound discretion[, a court] may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same"); Cherokee Nation of Okla. v. United States, 124 F.3d 1413, 1416 (Fed.Cir. 1997) ("When and how to stay proceedings is within the sound discretion of the trial court").

In exercising this discretion, a court "must weigh competing interests and maintain an even balance"[2], taking into account those of the plaintiff, the defendant, non-parties or the public, and even itself.  See, e.g., Hill v. Mitchell, 30 F.Supp.2d 997, 1000 (S.D.Ohio 1998); Schwartz v. Upper Deck Co., 967 F.Supp. 405, 416 (S.D.Cal. 1997); Koulouris v. Builders Fence Co., 146 F.R.D. 193, 194 (W.D.Wash. 1991), citing Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc., 87

---

[1] Slip Op. 00-33, p. 3, citing City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164 (1997); Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987); Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480 (1914); The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1912).

[2] Landis v. North American Co., 299 U.S. 248, 254-55 (1936).

F.R.D. 53, 56 (E.D.Penn. 1980); McDonald v. Piedmont Aviation,

Inc., 625 F.Supp. 762, 767 (S.D.N.Y. 1986).  However,

> the suppliant for a stay must make out a clear case of
> hardship or inequity in being required to go forward,
> if there is even a fair possibility that the stay for
> which he prays will work damage to some one else.

Landis v. North American Co., 299 U.S. at 255.  In other words,

a movant must "make a strong showing" that a stay is necessary

and that "the disadvantageous effect on others would be clearly

outweighed."  Commodity Futures Trading Comm'n v. Chilcott Port-

folio Management, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983).

A

The ITA excluded from the scope of the investigation

that resulted in its affirmative determination of sales at less

than fair value, 63 Fed.Reg. 72,255 (Dec. 31, 1998), as amended,

supra,

> "marinated", "acidified" or "pickled" mushrooms,
> which are prepared or preserved by means of vine-
> gar or acetic acid, but may contain oil or other
> additives.

63 Fed.Reg. at 72,256; 64 Fed.Reg. at 8,309.  According to the

complaint filed in Tak Yuen Corp. v. United States, CIT No. 00-

10-00490, Exhibit E to plaintiff's motion for a stay hereof,

Customs denied entry to this country of some 300 containers of

> mushrooms of the species *agaricus bisporus* marinated
> in water, sugar, vinegar, acetic acid, citric acid
> and several other ingredients[]

on the ground that they were within the ambit of the above-cited

ITA antidumping-duty order and thereby subject to deposit of such

additional duty thereunder, which was not tendered along with the
imposts otherwise deemed owing.  The Tak Yuen Corp. complaint
further avers that, while the Service classified the goods under
HTSUS subheading 2003.10.00, which encompasses mushrooms prepared
or preserved otherwise than by vinegar or acetic acid, they are
correctly classifiable under subheading 2001.90.39 as vegetables,
prepared or preserved by vinegar or acetic acid and "therefore
. . . exempt from the deposit of antidumping duties."  Plain-
tiffs' Motion to Stay, Exhibit E, para. 17.

The ITA's June 19, 2000 final scope ruling, which is
the object of plaintiffs' above-encaptioned action, states that
the agency has in

> no sense . . . determined the scope of th[e antidump-
> ing-duty] order to be determined solely by HTS head-
> ings. . . .  [T]he merchandise in question falls with-
> in the scope of the antidumping duty order based on the
> plain text of the order, without reliance on a specific
> HTS heading.  The scope of the order twice contains in-
> tentionally broad text so as to include all preserved
> mushrooms, with some very specific exceptions.

Id., Exhibit A, p. 9.  But the ruling does proceed to explain:

> The exclusion to the scope covers "'marinated,' 'acid-
> ified' or 'pickled' mushrooms, which are prepared or
> preserved by means of vinegar or acetic acid."  Thus,
> the main question raised by this scope inquiry is the
> meaning of "prepared or preserved by means of vinegar
> or acetic acid."  Since . . . the plain text of the
> scope of the order . . . [h]as the identical language
> contained in HTS subheading 2001.90.39, and the Peti-
> tion, which reflects the intent of the petitioners[,]
> refers to the HTS subheading, the Customs rulings in-
> terpreting this language and HTS subheading are a rea-
> sonable and appropriate interpretation of that phrase
> in the petition and thus the scope of the antidumping
> duty order. When the Department considered the Petition

Supplement, we adopted as part of the exclusionary language the identical text contained in HTS subheading 2001.90.39, in accordance with our authority to define an enforceable scope.  The language of HTS subheading 2001.90.39, "prepared or preserved by means of vinegar or acetic acid," was interpreted by Customs in 1983 in Customs Ruling HRL 069121 and applied, consistent with that interpretation, for fifteen years as of the time the petitioners incorporated that language into their scope exclusion request.  Given the narrow issue presented by Tak Fat with respect to this language, we find it reasonable to interpret it consistent with the interpretation it had been given for fifteen years by Customs.

Customs Ruling HRL 069121, which established the 0.5 percent acetic acid standard for consideration as products "prepared or preserved by means of vinegar or acetic acid," was promulgated in 1983 and since then, there have been numerous other Customs rulings relying on that precedent, samples of which are on the record of this proceeding . . ..  While these rulings, as well as others that may relate to any future scope inquiries[,] may not have been on the Department's record prior to this scope proceeding, they have been a matter of public record and have been available to any interested party since long before the filing of the Petition.  Accordingly, we have adopted a position for this scope ruling consistent with Customs practice relative to the scope language at issue.

Id.


        Nonetheless, the defendant, in opposing plaintiffs'

instant motion, avers that

the issue in this case is different from the issue in Court No. 00-10-00490.  The issue . . . is whether Commerce properly determined that plaintiffs' marinated and acidified mushrooms are within the class or kind of merchandise described by the existing antidumping duty order . . ..  The issue in Court No. 00-10-00490 is whether Customs properly determined that Tak Yuen's mushrooms are classifiable under HTSUS subheading 2003.10.00 and subject to deposits of estimated antidumping duties and properly excluded Tak Yuen's mushrooms from entry into the commerce of the United States when Tak Yuen entered the mushrooms under HTSUS subheading 2001.90.39.

Defendant's Memorandum in Opposition to Plaintiffs' Motion to

Stay, pp. 7-8 (citations omitted).  The defendant points out that

it is "well settled that a tariff classification by the Customs

Service does not govern an antidumping determination regarding

class or kind."  Id. at 8.

>     . . .  It is the responsibility of ITA to interpret
>     the term class or kind in such a way as to comply with
>     the mandates of the antidumping laws, not the classifi-
>     cation statutes.  A product's tariff classification is
>     merely of peripheral interest to suggest the general
>     nature of a good.

Torrington Co. v. United States, 14 CIT 507, 512-13, 745 F.Supp.

718, 722 (1990), aff'd, 938 F.2d 1276 (Fed.Cir. 1991), citing

Mitsubishi Elec. Corp. v. United States, 12 CIT 1025, 1044, 700

F.Supp. 538, 553-54 (1988), aff'd, 898 F.2d 1577 (Fed.Cir. 1990);

Roquette Freres v. United States, 7 CIT 88, 95, 583 F.Supp. 599,

605 (1984); Diversified Prods. Corp. v. United States, 6 CIT 155,

159, 572 F.Supp. 883, 887 (1983); Royal Bus. Mach., Inc. v.

United States, 1 CIT 80, 87 and 507 F.Supp. 1007, 1014, n. 18

(1980), aff'd, 669 F.2d 692 (CCPA 1982).  In other words, Com-

merce

>     has the authority not only to define the scope of an
>     antidumping duty investigation but also to clarify the
>     statement of its scope . . ..
>
>     [T]he ITA, not the Customs Service, is responsible for
>     clarifying, where necessary, the scope of dumping find-
>     ings and antidumping duty orders.

Diversified Prods. Corp. v. United States, 6 CIT at 159-60, 572

F.Supp. at 887.

                                    II

        This being the rule, the plaintiffs do not make the

requisite "strong showing" that a stay of this action is now

necessary or appropriate.   Ergo, their motions for a stay[3] and

for oral argument thereon should be, and each hereby is, denied.

        So ordered.

Dated:   New York, New York
         December 12, 2000


                                _____
                                            Judge


_____

    [3] In conjunction with this motion, the plaintiffs have filed
a motion to amend the proposed scheduling of this action for fin-
al disposition, which will be granted as submitted.

    Moreover, the court notes in passing that resolution of re-
lated actions can be coordinated so as to minimize any prejudice
or inefficient proceedings.