Slip Op. 25-107

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| JIANGSU DINGSHENG NEW MATERIALS JOINT-STOCK CO., LTD., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ALUMINUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP AND ITS INDIVIDUAL MEMBERS, ET AL., <br><br> Defendant-Intervenors. | Before: Claire R. Kelly, Judge <br><br> Court No. 24-00228 |

## OPINION AND ORDER

[Denying Plaintiffs' Motion to Stay.]

Dated: August 20, 2025

Ned H. Marshak, Dharmendra N. Choudhary, and Jordan C. Kahn, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of New York, and Washington, D.C., for Plaintiffs Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd., Dingsheng Aluminium Industries (Hong Kong) Trading Co., Limited (Dingsheng Aluminium Industries (Hong Kong) Trading Co., Ltd.), Hangzhou Dingsheng Import & Export Co., Ltd. (Hangzhou Dingsheng Import and Export Co., Ltd.), Hangzhou Five Star Aluminium Co., Ltd., Hangzhou Teemful Aluminium Co., Ltd., Inner Mongolia Liansheng New Energy Material Co., Ltd., Inner Mongolia Xinxing New Energy Material Co., Ltd. (Inner Mongolia Xinxing New Material Co.), Dingsheng New Materials Co., Ltd., and Prosvic Sales Inc.

Christopher A. Berridge, Trial Attorney, Commercial Litigation Branch, Civil Division, of Washington, D.C., for Defendant United States.  On the brief were Brett A. Shumate Assistant Attorney General, Patricia M. McCarthy, Director, and Reginald T. Blades, Jr., Assistant Director.  Of Counsel was Shanni Alon, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

John M. Herrmann, II, Joshua R. Morey, Matthew G. Pereira, and Paul C. Rosenthal, Kelley Drye & Warren, LLP, of Washington, D.C., for Defendant-Intervenors Aluminum Association Trade Enforcement Working Group and its Individual Members, JW Aluminum Company, Novelis Corporation, and Reynolds Consumer Products LLC.

Kelly, Judge: Before the Court is Plaintiffs Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd.; Dingsheng Aluminium Industries (Hong Kong) Trading Co., Limited (Dingsheng Aluminium Industries (Hong Kong) Trading Co., Ltd.); Hangzhou Dingsheng Import & Export Co., Ltd. (Hangzhou Dingsheng Import and Export Co., Ltd.); Hangzhou Five Star Aluminium Co., Ltd.; Hangzhou Teemful Aluminium Co., Ltd.; Inner Mongolia Liansheng New Energy Material Co., Ltd.; Inner Mongolia Xinxing New Energy Material Co., Ltd. (Inner Mongolia Xinxing New Material Co.); Dingsheng New Materials Co., Ltd.; and Prosvic Sales Inc.'s (collectively, "Dingsheng" or "Plaintiffs") motion to stay proceedings pending the final disposition of Jiangsu Dingsheng New Materials Joint-Stock Co. v. United States, No. 23-00264, 2025 WL 2092386 (Ct. Int'l Trade 2025) ("Jiangsu I").  Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd., et al. Mot. to Stay, July 25, 2025, ECF No. 30 ("Pl. Mot. to Stay").  For the reasons that follow, Dingsheng's motion to stay is denied.

## BACKGROUND

Plaintiffs ask this Court to stay this case concerning the Fifth Administrative Review of the Antidumping Duty Order on Aluminum Foil from the People's Republic of China for the period of review ("POR") 2022–2023 ("Fifth Review") pending the appeal of the Fourth Administrative Review POR 2021-2022 ("Fourth Review") in Jiangsu I. Pl. Mot. to Stay at 1–2. In this case, Plaintiffs challenge Commerce's (1) selection of Romania as the primary surrogate country, (2) calculation of Dingsheng's surrogate financial ratios using a Romanian financial statement, (3) rejection of Bulgaria as the primary surrogate country, (4) refusal to grant Dingsheng a double remedies adjustment, (5) refusal to grant all Dingsheng companies a separate rate, and (6) liquidation instructions. Pl. Am. Compl., Jan. 31, 2023, ECF No. 9. Defendant and Defendant-Intervenors both oppose Plaintiffs' motion to stay. Defendant's Opposition to Plaintiffs' Motion to Stay, August 15, 2025, ECF No. 31 ("Def. Opp. To Pl. Mot. to Stay"); Defendant-Intervenors' Response to Plaintiffs' Motion to Stay, August 15, 2025, ECF No. 32 ("Def. Int. Resp. to Pl. Mot. to Stay"). Plaintiffs initiated this action on December 12, 2024. See Summons, Dec. 12, 2024, ECF No. 1.

## JURISDICTION

This court has jurisdiction according to 19 U.S.C. §§ 1516a(a)(2)(A)(i), 1516a(a)(2)(B)(iii) (2018), and 28 U.S.C. § 1581(c) (2018).

## DISCUSSION

Plaintiffs ask this Court to stay these proceedings. Pl. Mot. to Stay at 1. Plaintiffs contend that the Court should stay this case because the core legal issues are "identical," including the double remedies adjustment issue remanded in the previous case. Pl. Mot. to Stay at 5 (citing Jiangsu I, 2025 WL 2092386 at *6). Plaintiffs further assert that a stay would save resources, as Commerce would have a "clear path forward" to address the double remedies issue once the appeal in Jiangsu I is final. Id. at 5. Additionally, Plaintiffs claim that a stay would not cause any "inequity or hardship" to the Defendant or Defendant-Intervenors. Id. at 6–7. Defendant and Defendant-Intervenors argue the stay should be denied because (i) the disputed issues involve questions of fact which depend on distinct records, and (ii) Plaintiffs have not shown that a stay would facilitate efficiency or conserve resources. Def. Opp. to Pl. Mot. to Stay at 4–6; Def. Int. Resp. to Pl. Mot. to Stay at 2–6. Additionally, Defendant argues that the separate rate issue raised in the Fifth Review was not raised in the Fourth Review and therefore resolution of Jiangsu I will not address all the issues in this case. Def. Opp. to Pl. Mot. to Stay at 5. Finally, Defendant-Intervenors argue that if a stay were granted, it should be of limited scope and duration.[1] Def. Int. Resp. to Pl. Mot. to Stay at 8–9.

---

[1] The Court does not need to reach Defendant-Intervenors' proposed limitation on the nature of the stay because Plaintiffs' motion to stay is denied.

Courts have the authority to stay proceedings to promote efficiency and conserve time and effort for the court and the parties. Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). Although the decision to grant or deny a stay is at the court's discretion, courts must weigh and balance competing interests. See id. First, courts recognize that "some harm is inherent in any denial of the right to proceed" because parties have an interest in the speedy resolution of disputes before the Court. Kaptan Demir Celik Endustrisi Ve Ticaret A.S. v. United States, 592 F. Supp. 3d 1332, 1338 (Ct. Int'l Trade 2022) (citing Neenah Foundry Co. v. United States, 24 C.I.T. 202, 205 (Ct. Int'l Trade 2000)). Typically, "speculative claims regarding the possible impact of a future decision on the disposition of the case at bar do not suffice to warrant a stay." See Bldg. Sys. De Mexico S.A de C.V. v. United States, 463 F. Supp. 3d 1344, 1348 (Ct. Int'l Trade 2020) (collecting cases). Second, courts may order a stay in cases where the extent of the delay is not excessively long or oppressive to the parties. See Landis, 299 U.S. at 256. Indeed, "in deciding to stay proceedings indefinitely," courts must identify a "pressing need" for the delay, as timeliness is courts' "paramount obligation" in balancing the parties' interests. Cherokee Nation of Okla. v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (denying a stay where resolution of a prior case was not a necessary precursor to resolution of the case at bar).

A stay here would not promote efficiency or conserve resources for the Court or the parties simply because some issues overlap with Jiangsu I. Although the reviews may involve similar issues, the issues implicate facts unique to each record.

Each administrative review is a separate exercise of Commerce's authority that allows for different conclusions based on different facts in the record. See Qingdao Sea-Line Trading Co. v. United States, 766 F.3d 1378, 1387 (Fed. Cir. 2014); but see An Giang Agric. & Food Imp. Export Co. v. United States, 350 F. Supp. 2d 1162, 1163–64 (Ct. Int'l Trade 2004) (involving a legal issue); Garg Tube Export LLP v. United States, Consol. Court No. 21-00169-CRK, Aug. 5, 2021, ECF No. 30 (same). The resolution of Jiangsu I is not a necessary precursor to the resolution of the present case. See Cherokee Nation, 124 F.3d at 1416. Because the Court will assess the facts of the Fifth Review separately from any factual determinations in the Fourth Review, a stay would not save time or effort for either the Court or the parties.

Plaintiffs' arguments in favor of a stay fall short. Plaintiffs claim that resolving the Fourth Review will provide a "clear path forward" for the present case, without explaining how a stay would "clear the path." Pl. Mot. to Stay at 5. Plaintiffs state that although this Court sustained Commerce's surrogate country selection in the Fourth Review, they may still appeal to the Court of Appeals. Id. However, Plaintiffs do not suggest that if the Court of Appeals sustains Commerce's determination, they would voluntarily dismiss their claims concerning the selection in this case. Id. Finally, the complaint for the Fifth Review raises an issue not present in Jiangsu I. Pl. Am. Compl. at 17–28. Plaintiffs request a stay for all claims, Pl. Mot. to Stay at 1–2, yet resolution of the issues in Jiangsu I could not resolve the additional issue raised in this case. See Bldg. Sys. De Mexico S.A. de C.V., 463 F.

Supp. 3d at 1348.  Plaintiffs argue there is "no evidence that the other parties will face any hardship if the Court grants the stay."  Pl. Mot. to Stay at 2, 6–7.  Plaintiffs' claim ignores the "harm [ ] inherent in any denial of the right to proceed."  See Neenah Foundry Co., 24 C.I.T. at 205.  Granting a stay in this case serves no purpose other than to delay the resolution of this case in contravention of the Court's objective to ensure the "just, speedy, and inexpensive determination of every action and proceeding."  U.S. Ct. Int'l Trade R. 1.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Dingsheng's motion to stay is denied.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:          August 20, 2025
                New York, New York